In the Matter of MURRAY BOGATIN, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 4, 1977

*Robert Roberto, Jr.,* for petitioner.

*Thomas A. Cassidy* for respondent.

*Per Curiam.* The respondent was admitted to practice by this court on June 27, 1951. In this proceeding the petitioner moves to confirm the Referee's report and the respondent cross-moves to disaffirm the said report.

The petition alleged, *inter alia,* that the respondent, while representing a client in connection with the sale of real property, failed to deposit the sum of $500, received upon the signing of the contract of sale, into an escrow account; failed to deposit monthly payments received as rent on this property, in the aggregate amount of $13,050, into the escrow account; and failed to pay real estate taxes out of the escrow funds, although authorized to do so, as a result of which a tax deed was issued to a third party after the period of redemption expired. The petition also alleges that the respondent thereafter purchased the tax title at a cost of $1,000, which he paid out of escrow funds, but that when title closed he failed to deposit the amount of $1,442.90 into the escrow account; that he failed to keep records of moneys received and disbursed on behalf of his client; that he failed to account to his client for $2,942.15 of alleged disbursements; and that he issued two checks, aggregating $6,800, to his client out of escrow funds in violation of the escrow agreement.

The Referee found the respondent guilty of the misconduct alleged. After reviewing all of the evidence, we are in agreement with the findings of the Referee. We find the respondent guilty of each and every charge of misconduct. Accordingly, the petitioner's motion to confirm the Referee's report is granted and the respondent's cross motion to disaffirm that report is denied.

In determining the appropriate sanction to be imposed, we are mindful of the fact that the respondent is currently under suspension as the result of prior disciplinary proceedings, and that the charges alleged herein predated the events involved therein. Accordingly, the respondent should be, and he hereby is, suspended from the practice of law for a period of six months, effective October 10, 1976, the last day of the previously imposed period of suspension.

HOPKINS, Acting P. J., MARTUSCELLO, LATHAM, MARGETT and DAMIANI, JJ., concur.